IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HON LAU,

        Plaintiff,                    No. 2:10-cv-0297 DAD (PC)

    vs.

CALIFORNIA GOVERNMENT
CODE 68635,

        Defendant.              ORDER
_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil action on the form complaint for seeking relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed a consent to proceed before a United Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Consent filed February 16, 2010. For the reasons set forth infra, ruling on plaintiff's request to proceed in forma pauperis is deferred at this time.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff names as the sole defendant, and challenges on federal and state constitutional grounds, California Government Code 68635.  That statute governs waiver of state trial court fees for persons sentenced to state prison or confined in county jail, and provides as follows:

> (a) This section applies only to waivers of trial court fees.
>
> (b) Notwithstanding any other provision of this article, a person who is sentenced to the state prison or confined in a county jail shall pay the full amount of the trial court filing fees and costs to the extent provided in this section.
>
> (c) To apply for an initial fee waiver, a person who is sentenced to the state prison or confined in a county jail shall complete, under penalty of perjury, a Judicial Council application form giving the current address of the inmate and a statement that he or she is incarcerated, together with a statement of account for any moneys due to the inmate for the six-month period immediately preceding the application. The form shall be certified by the appropriate official of the Department of Corrections and Rehabilitation or a county jail.
>
> (d) When the pleadings or other papers are filed, the court shall assess and, if funds exist, collect as partial payment, a partial filing fee of 20 percent of the greater of either of the following:
>
>> (1) The average monthly deposits to the inmate's account.

/////

        (2) The average monthly balance in the inmate's account for the six-month period immediately preceding the application.

  (e) After the initial filing fee is partially paid, the inmate shall make monthly payments of 20 percent of the preceding month's income credited to the inmate's account. The Department of Corrections and Rehabilitation, or a county jail, shall forward payments from this account to the clerk of the court each time the amount in the account exceeds ten dollars ($10) until the filing fees are paid in full.

  (f) The fees collected by the court under this section shall not exceed the amount of the fees that would be charged to a person who is not incarcerated.

  (g) The court may delegate to a clerk the authority to process requests for fee waivers from inmates under this section.

  (h) An inmate shall not be prohibited from filing pleadings or other papers solely because the inmate has no assets and no means to partially pay the initial filing fee.

Cal. Govt. Code § 68635. Plaintiff, who alleges that he is indigent, claims that this statute has "blocked" him from filing a complaint against the State of California and its agencies. Complaint, filed February 4, 2010.

      The challenged statute is not a proper defendant in this civil rights action. Moreover, it is substantially similar to provisions of the federal in forma pauperis statute that apply to prisoners, 28 U.S.C. § 1915(b). Those provisions have been upheld against federal constitutional challenges. See Taylor v. Delatoore, 281 F.3d 844 (9th Cir. 2002). In accordance with the decision in Taylor, which binds this court, California Government Code § 68635 does not violate the federal constitution. Under the circumstances of this case, with the dismissal of plaintiff's federal constitutional claims this court will decline to exercise supplemental jurisdiction over plaintiff's state law challenges to the state statute. See 28 U.S.C. § 1367(c)(3).

      In view of the foregoing findings, plaintiff's complaint must be dismissed by this court pursuant to 28 U.S.C. § 1915A. Good cause appearing, the court will grant plaintiff a period of thirty days in which to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a).

3

1  Plaintiff is cautioned that failure to voluntarily dismiss this action will result in issuance of an
2  order requiring him to pay the $350.00 filing fee for this action in accordance with the provisions
3  of 28 U.S.C. § 1915(b) and an order dismissing the action.
4             In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted
5  a period of thirty days to file a notice of voluntary dismissal of this action pursuant to Fed. R.
6  Civ. P. 41(a).
7  DATED: November 8, 2010.

                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

DAD:12
lau0297.41o