IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HON LAU,

        Plaintiff,                No. 2:10-cv-0297 DAD (PC)

    vs.

CALIFORNIA GOVERNMENT
CODE 68635,

        Defendant.             ORDER
_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil action on the form complaint for seeking relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff, the only party to appear in this action, has consented to proceed before a United Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Consent filed February 16, 2010.

        By order filed November 8, 2010, plaintiff was given a period of thirty days in which to file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). Plaintiff was cautioned that failure to voluntarily dismiss this action would result in issuance of an order requiring him to pay the $350.00 filing fee in accordance with the provisions of 28 U.S.C. § 1915(b) and an order dismissing this action. On November 22, 2010, plaintiff filed a document

1

1  styled "Notice of Renewal of Judgment on Filing Fee".[1]  Plaintiff has not filed a notice of
2  voluntary dismissal.  Accordingly, the court will rule on plaintiff's motion to proceed in forma
3  pauperis and screen the complaint.  See 28 U.S.C. § 1915.

4          Plaintiff has submitted a declaration that makes the showing required by 28
5  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

6          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
7  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee
8  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will
9  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
10 and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
11 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
12 account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
13 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
14 U.S.C. § 1915(b)(2).

15         The court is required to screen complaints brought by prisoners seeking relief
16 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
17 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
18 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
19 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
20 U.S.C. § 1915A(b)(1),(2).

21         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
22 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
23 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

---

[1] The notice appears fanciful; plaintiff asserts that the filing fee should be taken from his "contribution income tax account from IRS which is plaintiff already reserved of millions of dollars since 1970 fund."

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Plaintiff names as the sole defendant, and challenges on federal and state constitutional grounds, California Government Code § 68635. That statute governs waiver of state trial court fees for persons sentenced to state prison or confined in county jail, and provides as follows:

> (a) This section applies only to waivers of trial court fees.
>
> (b) Notwithstanding any other provision of this article, a person who is sentenced to the state prison or confined in a county jail shall pay the full amount of the trial court filing fees and costs to the extent provided in this section.
>
> (c) To apply for an initial fee waiver, a person who is sentenced to the state prison or confined in a county jail shall complete, under penalty of perjury, a Judicial Council application form giving the current address of the inmate and a statement that he or she is incarcerated, together with a statement of account for any moneys due to the inmate for the six-month period immediately preceding the application. The form shall be certified by the appropriate official of the Department of Corrections and Rehabilitation or a county jail.
>
> (d) When the pleadings or other papers are filed, the court shall assess and, if funds exist, collect as partial payment, a partial filing fee of 20 percent of the greater of either of the following:
>
> > (1) The average monthly deposits to the inmate's account.
> >
> > (2) The average monthly balance in the inmate's account for the six-month period immediately preceding the application.
>
> (e) After the initial filing fee is partially paid, the inmate shall make monthly payments of 20 percent of the preceding month's income credited to the inmate's account. The Department of Corrections and Rehabilitation, or a county jail, shall forward payments from this account to the clerk of the court each time the amount in the account exceeds ten dollars ($10) until the filing fees are paid in full.

   (f) The fees collected by the court under this section shall not exceed the amount of the fees that would be charged to a person who is not incarcerated.

   (g) The court may delegate to a clerk the authority to process requests for fee waivers from inmates under this section.

   (h) An inmate shall not be prohibited from filing pleadings or other papers solely because the inmate has no assets and no means to partially pay the initial filing fee.

Cal. Govt. Code § 68635. Plaintiff, who alleges that he is indigent, claims that this statute has "blocked" him from filing a complaint against the State of California and its agencies. Complaint, filed February 4, 2010.

   The challenged statute is not a proper defendant in this civil rights action. Moreover, it is substantially similar to provisions of the federal in forma pauperis statute that apply to prisoners, 28 U.S.C. § 1915(b). Those provisions have been upheld against federal constitutional challenges. See Taylor v. Delatoore, 281 F.3d 844 (9th Cir. 2002). In accordance with the decision in Taylor, which binds this court, California Government Code § 68635 does not violate the federal constitution. Under the circumstances of this case, with the dismissal of plaintiff's federal constitutional claims this court will decline to exercise supplemental jurisdiction over plaintiff's state law challenges to the state statute. See 28 U.S.C. § 1367(c)(3).

   For the foregoing reasons, plaintiff has failed to state a claim upon which relief may be granted and this action must be dismissed by this court pursuant to 28 U.S.C. § 1915A.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's request for leave to proceed in forma pauperis is granted.

   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

DATED: March 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
lau0297.dm